

**2006 Decisions**

**Opinions of the United States Court of Appeals for the Third Circuit**

1-30-2006

# Jumaev v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1555

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Jumaev v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1703.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1703

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos:  04-1555 & 04-3470

KHAYDAR JUMAEV,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Board No.   A78 275 559)

Argued April 20, 2005

BEFORE:  ROTH, FUENTES and BECKER, <u>Circuit Judges</u>

Tatiana S. Aristova, Esquire (Argued)
Law Offices of John J. Gallagher
1760 Market Street, Suite 1100
Philadelphia, PA 19103

<u>Counsel for Petitioner</u>

William C. Minick, Esquire (Argued)
Christopher C. Fuller, Esquire
Douglas E. Ginsburg, Esquire

Linda S. Wernery, Esquire
John D. Williams, Esquire
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

Counsel for Respondent

_____

OPINION

_____

ROTH, Circuit Judge:

In this case, we are asked to review a final order of the Board of Immigration Appeals (BIA), dismissing as untimely Khaydar Jumaev's petition for review. Jumaev's attorney, Tatiana S. Aristova, asserts that the BIA erred. She argues that on October 22, 2003, she filed a proper notice of appearance with the Immigration Court but that the Immigration Judge (IJ) mailed his order of November 7, 2003, directly to Jumaev, rather than to her as attorney of record. Once Aristova received actual notice of the IJ's decision, she filed her appeal within 30 days of receipt. The government, supporting the BIA's decision, takes the position that the administrative record, as it stands, does not reflect the existence of the notice of appearance purportedly filed by Aristova, notwithstanding the fact that she has produced her own copy of the entry of appearance from her files.

For the reasons explained below, we will grant the petition to review the decision

2

of the BIA and remand this case to it for reconsideration of its decision to dismiss the appeal. In doing so, we ask the BIA to consider whether equitable tolling might apply in view of the circumstances presented. *See Borges v. Gonzales*, 402 F.3d 398, 406 (3d Cir. 2005) (holding "that the 180-day time limitation is more appropriately considered as analogous to a statute of limitations and, thus, subject to equitable tolling").

## I. Factual Background and Procedural History

As the facts are well known to the parties, we give only a brief description of the facts and procedural posture of the case.

Khaydar Jumaev is a citizen of Uzbekistan. He was admitted to the United States as a nonimmigrant visitor on June 8, 2001. He remained past the time he was permitted to do so. In October 2001, the Immigration and Naturalization Service (INS) issued a Notice of Appearance charging removability for overstaying his visa. In these early proceedings, it appears that Tatiana Aristova represented Jumaev even though no notice of appearance appears in the record before us. In March 2003, Aristova filed a motion to withdraw her appearance. This motion was denied. In April 2003, Aristova again filed a motion to withdraw. This motion was granted on April 15. The basis of both motions was that Jumaev had chosen new counsel from New York.

A removal hearing was scheduled on April 23, 2003. Jumaev did not appear. He was ordered deported in absentia[1]

---

[1] Jumaev alleges that his attorney incorrectly told him not to attend his removal hearing, and also told him that he had filed an appeal of the *in absentia* order when the

3

On October 22, 2003, more than 180 days after the deportation decision, Aristova filed a motion to reopen with the Immigration Court. It is Aristova's position that in conjunction with her motion she filed a new entry of appearance. No such document is, however, to be found in the administrative record. Nevertheless, the table of contents of Aristova's motion supports her position, listing an entry of appearance. In addition, Aristova has produced her own file copy of her entry of appearance as support for her claim that she did file it. Moreover, the record reflects that the petition to reopen, a 12-page pleading, which is the centerpiece of this petition, contained Aristova's name and address, as did the accompanying cover letter.

The legal basis of the motion to reopen was the ineffective assistance of prior counsel, Sirota, with regard to the April 23 hearing. The government opposed the motion. On November 7, 2003, the IJ denied the motion as time barred for exceeding the 180 day limit to move to reopen. The IJ's order was sent to Jumaev's home address. The government argues that the IJ followed the correct procedure because there is no entry of

---

attorney had not done so. This allegation prompts us to request the BIA to specifically consider *Borges* on remand. Jumaev's allegations may also satisfy the "exceptional circumstances" test for missing his removal hearing. *See* 8 C.F.R. § 1003.23(b)(4)(ii). An alien may move to rescind an order of removal by demonstrating that his failure to appear was due to "exceptional circumstances." "A claim of ineffective assistance, if properly established, could constitute proper grounds for reopening an exclusion proceeding." *Lu v. Ashcroft*, 259 F.3d 127, 132 (3d Cir. 2001). Jumaev alleges that ineffective assistance of counsel caused him to miss the hearing because his New York attorney, Sirota, told him the hearing had been transferred from Philadelphia to New York. Jumaez also alleges that he has satisfied the requests of *Matter of Lozado*, 19 I. & N. Dec. 637 (BIA 1988) by reporting these misrepresentations to the appropriate New York Attorney Disciplinary Board. He also alleges that Sirota essentially disappeared and was unreachable by telephone.

4

appearance to be found in the record. Aristova argues that Jumaev was prejudiced because the order should have been mailed to her as counsel. She contends that the loss of the notice of appearance by the Immigration Court's clerk's office should not result in prejudice to Jumaev. She also notes that the way that the Immigration Court got Jumaev's home address[2] was by looking through the record, even though it did not extract Aristova's address from the motion to reopen.

On January 7, 2004, Aristova, on behalf of Jumaev, appealed to the BIA. This date was 60 days after date of the IJ's decision and so was not within 30-day window for perfecting an appeal to the BIA. Aristova argued that the BIA should accept the appeal as timely because the notice of the IJ's order had been mailed to her client, not to her. She represented that she first learned of the IJ's decision on or about December 10, 2003, and that she responded within 28 days. On February 17, 2004, the BIA dismissed the appeal for lack of jurisdiction. The BIA took the position that the record does not reflect any entry of appearance by Aristova (or by anyone else on behalf of Jumaev) so that the IJ's mailing to Jumaev (as opposed to Aristova) was the correct procedure under the regulations. For this reason, the BIA rejected Aristova's arguments to consider an appeal beyond the 30-day window to perfect an appeal.

Aristova filed a timely motion to reconsider. With it, she attached her file copy of her purported notice of appearance. The BIA denied the motion to reconsider on July 27,

_____

[2]Jumaev claims that he never received the letter due to a broken mailbox in the Williamsburg section of Brooklyn where he lived.

2004, stating that it had "reviewed the record of proceedings, and [did] not find any legal arguments or aspects of the case that were overlooked. The file-stamped copy of the motion to reopen [on file with the BIA] did not include a form EOIR-28 [notice of appearance by counsel]."

The BIA denied the motion for two other reasons. First, the BIA took the position that, although Aristova discovered the IJ's decision on December 10, 2003, she waited 28 days to file her appeal. The BIA held that this delay was "unreasonabl[e]". The BIA cites no authority for this position. Second, the BIA held that even if it accepted the appeal as timely, it would have been rejected on the merits because the motion to reopen before the IJ was filed more than 180 days after the April 23, 2003, in absentia order had been entered.[3]

Jumaev filed a timely petition for review. We have before us an appeal of the February 17, 2004, BIA order and of the July 27, 2004, BIA order. We review only final decisions of the agency; the orders of the IJ are not before us.

## II. Jurisdiction and Standards of Review

We have jurisdiction under 8 U.S.C. § 1252(a) (1952) (amended 1996).

In ruling on questions of law, we review the BIA's legal conclusions de novo. We review factual determinations under a substantial evidence standard. *See Borges*, 402

---

[3] Just as we do not reach the merits of the IJ's orders, we do not opine on which particular arguments brought by Jumaev have been preserved by his prior appeal to the BIA and his motion seeking reconsideration by the BIA.

F.3d at 404.

### III. Discussion

This is a tale of she-says versus the BIA-says. Aristova has made representations that she filed an EOIR-28 with her motion to reopen before the IJ. *If* she did file such a form, or if the Immigration Court should have known of her representation though her address on the motion to reopen, then the mailing to Jumaev of the IJ's order, as opposed to mailing it to Aristova, appears as a matter of law to be error. *See* 8 C.F.R. § 292.5(a) (mandating that service is proper on represented party's attorney, or the party "if unrepresented"). On the other hand, the government suggests that Jumaev actually received the IJ's order, notwithstanding Aristova's representations that her client did not receive it. Although it is true, as the government argues, that Aristova's affidavitless-representations do not constitute evidence that her client did not receive the IJ's order, we also note that the government has put forward no legal authority suggesting that service on Jumaev would be sufficient if he were, in fact, represented by counsel.

Moreover, Aristova has come forward with more than her in-court representations. She has produced her file copy. The government is not, however, impressed with Aristova's production of her EOIR-28. It notes that production from her files may simply mean that her file copy was complete but her filing with the Immigration Court was lacking. At oral argument we asked the government if *it* had been served with an EOIR-28 by Aristova in conjunction with her motion. The government's attorney did not know. We also asked both parties if the Immigration Court's docket reflected an entry indicating

7

that a filing had been made by Aristova including an EOIR-28. Both parties indicated that they were not aware of what the docket might reveal, nor did they know if the Immigration Court had a docket at all which, if true, we find troubling.

The government stands on the factual finding of the BIA that no EOIR-28 appears in the administrative record and that where, as here, the BIA searched that record but found no EOIR-28, that is sufficient evidence to support the BIA's position that no such filing was made. The government argues that that is enough to uphold the BIA's decision under the substantial evidence standard for factual findings of the BIA.

We disagree. The BIA merely states, in conclusory fashion, that it has examined Aristova's motion to reopen "package" and "it did not include a Notice of Entry of Appearance." It does not consider the fact that Aristova's name and address ere contained on the motion to reopen and the accompanying cover letter.

We do not expect a chain of custody demonstration of the contents of the Immigration Court's file. Nevertheless, in view of the fact that the index of the motion to reopen lists an entry of appearance and Aristova has her file copy of the entry of appearance, we conclude that without an explanation from the BIA of how it determined that the "package" it examined was the complete package submitted by Aristova, we do not find substantial evidence under the circumstances of this case that the entry of appearance was not filed.

Finding insufficient basis in the record to support the BIA's conclusion that no EOIR-28 was submitted by Aristova, we will grant the petition for review. On remand,

8

the BIA should also consider the fact that the motion to reopen contained Aristova's name and address.

## IV. Conclusion

For the reasons explained above, we will grant the petition for review of the decision of the Board of Immigration Appeals and remand this case for reconsideration consistent with this opinion.